---

## A QUESTION INVOLVING ALLEGED NEGLIGENCE SHOULD BE LEFT TO THE JURY.

Court of Appeals for Hamilton County.

HARRY WEINGARTNER, BY HIS MOTHER AND NEXT FRIEND, v. THE OHIO ELECTRIC RAILWAY COMPANY.*

Decided, December 5, 1913.

*Negligence—Collision Between Electric Car and Automobile at an Interurban Crossing—Responsibility for the Accident a Question for the Jury.*

When the circumstances are such that reasonable minds might differ, it is primarily the duty of the jury, rather than of the judge, to

---

*Motion to require Court of Appeals to certify its record overruled by the Supreme Court March 23, 1915.

determine whether the conduct of a person at a particular time, under all the circumstances of the case, was that of a reasonably prudent man.

*Kelley & Hauck*, for plaintiff in error.

*W. C. Shepherd, George H. Warrington* and *Robert S. Marx,* contra.

JONES (O. B.), J.; JONES (E. H.), J., concurs; SWING, P. J., dissents.

The action below was brought by the plaintiff to recover damages for injuries suffered by him resulting from an automobile which he was driving being struck by an interurban car of the defendant company, at the intersection of Van Zandt road and Hamilton pike in this county.

Plaintiff claimed that the defendant company was negligent in running its car at a high rate of speed and in failing to give proper signals of its approach on the highway.

At the close of plaintiff's testimony a motion was made by defendant for an instructed verdict in its favor. This motion was granted by the trial court and a judgment was entered for defendant. The question to be determined here is whether or not the court erred in this ruling.

The Supreme Court, in the able opinion by Wanamaker, J., in the recent case of *Gibbs* v. *Village of Girard,* 88 O. S., 34, has discussed at length the question of the right of a trial judge to direct a verdict. The language in this opinion at page 42, quoted from the opinion of Judge Spear in *Cincinnati Street Railway* v. *Snell,* 54 O. S., 197, is in part as follows:

"The motion involved an admission of all the facts which the evidence in any degree tended to prove, and presented only a question of law, whether each fact indispensable to the right of action, and put in issue by the pleadings, had been supported by some evidence. If it had been, no matter how slight the evidence, the motion should have been denied, because it was the right of the plaintiff to have the weight and sufficiency of his evidence passed upon by the jury."

An examination of the record in this case shows that evidence was offered by plaintiff tending to prove the facts necessary to

support plaintiff's right of action. The trial judge below, however, found that plaintiff's evidence showed that he was himself guilty of contributory negligence in the manner in which he approached and proceeded on his way over the crossing. The evidence showed that he and the other occupant of the automobile had a view of the track for some distance at a point in the roadway about one hundred and fifty feet distant from the track and that near the track the view of the part of it on which the car came was obstructed by a high bank and cemetery; that he stopped the car at a point between twelve and twenty feet from the rails and looked and listened for a car, but that he did not stop the engine of the automobile which made a slight noise; that he then moved forward at a low speed, looking and listening, but did not see the approaching car until he was on the track. The trial court found as a matter of law, that plaintiff's conduct in driving the automobile across this track was not that of a reasonably prudent person, and that he was therefore guilty of contributory negligence and could not recover (15 N. P.[N.S.], 31). This case had been tried before, and a similar motion was granted by the trial judge at that time, but after the decision announced in the case of *Steubenville & Wheeling Traction Co.* v. *Brandon,* 87 O. S., 187, the verdict was set aside and a new trial granted. 13 N.P.(N.S.), 659.

In the opinion of this court, when the circumstances are such that reasonable minds might differ, it is primarily the duty of the jury, rather than that of the judge, to determine whether the conduct of a person at a particular time, under all the circumstances of the case, was that of a reasonably prudent man. It is not the province of the court as a matter of law to say that a man driving an automobile about to cross a railroad track, must stop the machine at any particular point, or whether or not he must stop the engine of his machine, or whether or not, where the view is obstructed, he would be required to get out and walk forward on to the track. These are matters to be submitted to the jury under proper instructions, and the question of negligence must be determined primarily by it.

The judgment below is reversed and the cause remanded.